88

DIVISION OF TAX APPEALS.

**IN THE MATTER OF THE APPEAL OF CITY OF JERSEY CITY, PETITIONER, v. MORRIS AND ESSEX RAILROAD COMPANY, RESPONDENT.**

(For the year 1942)

Decided March 12, 1946.

For the petitioner, *Charles A. Rooney* (by *John J. Meehan*).

For the respondent, *John Laird.*

WAESCHE, President. This opinion deals with the appeal from the 1942 assessment on Block 19, Lot A-3, Twelfth Street, Jersey City. The property, which is the subject-matter of this appeal, consists of 58,500 square feet of level land together with the improvements thereon, to wit, 24 steel, oil storage tanks, two small buildings, and a pipe line to the water front at Pier 10 of the Delaware, Lackawanna and Western Railroad Company. The land under appeal was acquired by the Morris and Essex Railroad Company on June

24th, 1881, as part of a larger tract containing 34.658 acres, since which time it has been used as part of the water front terminal yard of the Delaware, Lackawanna and Western Railroad located in Jersey City at the foot of Twelfth to Fifteenth Streets. In 1919 the Delaware, Lackawanna and Western Railroad Company leased 36,310 square feet of the land under appeal to the Philippine Vegetable Oil Company for a period of ten years.

The oil company erected the first oil storage tanks on the property, and constructed the two small buildings and the pipe line. This lease was terminated on April 30th, 1925, at which time the Railroad Company purchased all the improvements erected on the land. The Harbor Tank Storage Company, Inc., on June 10th, 1933, leased the land and improvements thereon and, by virtue of subsequent renewals of this lease, has been in continuous possession of the property ever since. The present lease was made on February 1st, 1940, and provides that:

"The Railroad Company has let and rented to the Lessee, and the Lessee has hereby hired and taken from the Railroad Company all of the lands and premises situate in the City of Jersey City, Hudson County, New Jersey, described as follows: Being an irregular parcel at the south side of the Railroad Company's Jersey City Terminal freight yard lying east of the former center line of Barnum Street (now vacated) north of the center line of Twelfth Street (extended) and south of the southerly tracks of said Yard, and more particularly shown in brown outline on the blueprint map of said premises which is hereto attached and made a part hereof, containing 58,500 square feet of land, more or less:

"Together with the appurtenances thereto and the tanks, piping, structures and facilities located thereon, the whole constituting an oil storage and pumping plant.

"Also the pipe line extending from the said premises to Delaware, Lackawanna and Western Pier No. 10, and the right of access to the said pipe line between the said premises and the said Pier No. 10, for the purposes of operation, repair and maintenance, and the right to use the said Pier No. 10 and the adjacent slip and approaches thereto, to the extent

that such use is necessary for the purpose of receiving and discharging oil to be delivered or discharged from or to ships or barges to or from the said storage tanks."

The property here under appeal is used as a transit station under and pursuant to the regulations of the Interstate Commerce Commission. The tanks are used for temporary storage of imported vegetable oil which is in transit from port of origin to point of destination. The oil which passes through the storage tanks here under appeal, is brought to Pier 10 of the Delaware, Lackawanna and Western Railroad Company in barges. It is then pumped via the pipe line from the barges into the oil storage tanks here under appeal to await shipment. From these tanks it is transferred to railroad tank cars or loaded into box cars in drums for shipment to its point of destination.

The Delaware, Lackawanna and Western Railroad runs a terminal yard siding across the land here under appeal from off Pier 10 to the industrial plants of the Union Refrigerator Company and the National Carbon Company on the westerly side of Provost Street, Jersey City. This side track is used for yard switching purposes, for the handling of railroad freight moving to and from the industrial plants aforesaid, and for loading railroad tank cars and box cars with the oil from the storage tanks here under appeal.

The land involved in this appeal, except for the year 1941, has been assessed each year as second class railroad property, *i. e.*, land in railroad use, for the past fifty years or more. It was assessed for the first time by the local assessor as third class railroad property, *i. e.*, land not in railroad use, in 1940, but this assessment was set aside and canceled by the Hudson County Board of Taxation, and the State Board of Tax Appeals affirmed the decision of the County Board. The land was assessed locally again in 1941 as third class railroad property. The Hudson County Board of Taxation canceled the 1941 assessment, but the State Board of Tax Appeals overruled the County Board and restored the local assessment. (1943 *Suppl. New Jersey Tax Reports, p.* 72.) In 1942 the land was assessed locally again, and the County Tax Board again canceled the assessment. In 1943 the Jer-

sey City assessor again placed an assessment on the land, but the County Tax Board under its general powers of revising and correcting the tax lists and duplicates removed the assessment before returning the duplicates to the Jersey City tax collector. This appeal seeks to have the land and improvements thereon assessed by the local assessor as third class railroad property. The improvements were always assessed locally as third class railroad property, except for the year 1943, when they were assessed for the first time by the State Tax Commissioner as second class railroad property.

The "Railroad Tax Law of 1941" imposes an annual property tax upon "all property used for railroad purposes at the rate of three per centum (3%) upon the true value thereof." This tax is assessed by the Director of the Division of Taxation, State Department of Taxation and Finance, formerly the State Tax Commissioner, and is in lieu of all other state or local taxation except assessments for benefits. *N. J. S. A.* 54:29A-7; 54:29A-11. This statute requires the State Tax Commissioner, now the Director of the Division of Taxation, to determine the true value of "all property used for railroad purposes in this state," *N. J. S. A.* 54:29A-17. It also requires that the property of a railroad company "not used for railroad purposes" shall be assessed by the local assessor and taxed locally the same as other property is taxed in the same taxing district. *N. J. S. A.* 54:29A-4. Property used for railroad purposes has been assessed and taxed exclusively by the state for many years. *R. S.* 54:20-1; *N. J. S. A.* 54:20-1; *Jersey City* v. *Morris and Essex Railroad,* 1943 *Suppl. New Jersey Tax Reports, p. 72.*

The statute has made it very clear that whenever property is used for any railroad purpose it cannot be assessed by the local assessor. The Court of Errors and Appeals said in the case of *Lehigh Valley Railroad Co.* v. *Jersey City,* 80 *N. J. L.* 298; 78 *Atl. Rep.* 215, 217:

"That test is use for railroad purposes. If such a use is found to exist, then that property is to be valued and assessed for taxes by the State Board of Assessors, and the amount of the taxes assessed is to be paid into the state treasury. It may be conceded that the legislature, if it had thought proper

to do so, might have provided for the taxation of property of these corporations which was subject to a double use, that is, property which was used for railroad purposes, and also for other purposes, either wholly or partially by the taxing board of the municipality in which it was located. This, however, it did not see fit to do by the act of 1884, or by any supplement to that statute which it has subsequently enacted. On the contrary it declared that only property which is not used at all for such purposes shall be taxed by the local authorities, and that 'all other property' of these companies shall be taxed by the State Board of Assessors. Such a legislative declaration leaves no room for construction. To hold that property used for railroad purposes shall be taxed by the local authorities rather than by the State Board of Assessors, when it is made to appear that another use is also imposed upon it, is not a construction of the words of the act, but judicial legislation. Perhaps such a method of taxation is more desirable than that provided by existing legislation, but whether that method shall be put in force is a matter to be determined not by the courts, but by the legislative department of the government."

In the case of *United New Jersey Railroad Co.* v. *Jersey City*, 57 *N. J. L.* 563 (at *p.* 569) ; 31 *Atl. Rep.* 1020, the court said that so long as the property remains incident to and reasonably necessary or convenient for railroad purposes, and not actually devoted to other purposes, it is to be considered in railroad use.

See, also, the case of *Hoboken* v. *State Board of Equalization of Taxes,* 83 *N. J. L.* 784; 85 *Atl. Rep.* 578.

In the case of *Pennsylvania Railroad Co.* v. *Jersey City,* 49 *N. J. L.* 540; 9 *Atl. Rep.* 782; *affirmed,* 51 *N. J. L.* 564;' 20 *Atl. Rep.* 60, the court held that the use of land for the storage of cargo awaiting transhipment was a use of it for necessary railroad purposes.

The land here under appeal is part of the waterfront terminal yard of the Delaware, Lackawanna and Western Railroad and is used as a transit station under the Interstate Commerce Commission rules and regulations for the storage of cargo in transit from port of origin to its point of final

destination. If the railroad did not provide space for a transit station for this oil cargo during its transition from ship to railroad cars it could not enjoy the benefits of this business. The land is also used by one of the terminal yard sidings for the purpose of loading the aforesaid oil and to reach industrial plants lying west of Provost Street, Jersey City. The land is therefore clearly used for railroad purposes.

The oil storage tanks, pipe line, and buildings on the land under appeal are used by the Harbor Tank Storage Company, Inc. They are not used for railroad purposes, and are to be assessed and taxed locally.

The decision filed October 26th, 1943, in the 1941 appeal of the properties here under appeal (1943 *Suppl. New Jersey Tax Reports, p.* 72), was determined upon the evidence submitted on the hearing of that appeal.

The judgment of the Hudson County Board of Taxation is affirmed, and the appeal of Jersey City is dismissed.